IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA WINKFIELD, as an individual and as guardian ad litem and mother of Jahi McMath,<br><br>    Plaintiff,<br><br>  v.<br><br>CHILDREN'S HOSPITAL & RESEARCH CENTER AT OAKLAND; DR. DAVID DURAND,<br><br>    Defendants. | No. C 13-5993 SBA<br><br>ORDER DEFERRING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Docket No. 2) |

On December 30, 2013, Plaintiff Latasha Winkfield moved ex parte for a temporary restraining order (TRO) seeking to keep Jahi McMath on cardio pulmonary support and to insert a gastric tube and a tracheostomy tube to allow her to be transferred to another facility. Defendants Children's Hospital & Research Center at Oakland and Dr. David Durand filed an opposition. On the same day, the Alameda County Superior Court entered an order extending its TRO requiring Defendants to maintain the status quo of treatment provided to McMath, but declining to order insertion of a gastric tube or a tracheostomy tube.

To qualify for a temporary restraining order, the moving party must demonstrate "(1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction." Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003); see also Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

Alternatively, a temporary restraining order could issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).

After considering the papers and the impact of the continuation of the state court's TRO, the Court defers consideration of the application with respect to maintaining the status quo of treatment provided to McMath, and DENIES Plaintiff's application with regard to insertion of a gastric tube and a tracheostomy tube. The Court will consider a motion for preliminary injunction at a hearing before Judge Armstrong on January 7, 2014 at 1:00 PM. Plaintiff may file a brief no later than January 2, 2014 at 12:00 PM. Defendants may file a response no later than January 3, 2014 at 5:00 PM. Plaintiff may file a reply no later than January 6, 2014 at 9:00 AM.

IT IS SO ORDERED.

Dated: 12/30/2013

CLAUDIA WILKEN
United States District Judge

2