UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LATASHA WINKFIELD, an individual parent and guardian of Jahi McMath, a minor,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHILDREN'S HOSPITAL OAKLAND, Dr. David Durand M.D. and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No:  C 13-5993 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

Plaintiff Latasha Winkfield filed the instant declaratory and injunctive relief action in this Court seeking an order requiring Defendants Children's Hospital Oakland ("CHO") and it Chief of Pediatrics, Dr. David Duran, to maintain her daughter Jahi McMath ("Jahi") on a ventilator until such time as she is transferred from CHO to another care facility, and to install gastric and tracheostomy tubes to facilitate the transfer.  On January 5, 2014, Jahi was transferred from CHO to Plaintiff.  For the reasons that follow, the Court hereby directs Plaintiff to show cause why the instant action should not be dismissed for lack of subject matter jurisdiction.

I.    **BACKGROUND**

On or about, December 9, 2013, Jahi went into cardiac arrest shortly after undergoing a tonsillectomy and related procedures at CHO.  Thereafter, Jahi was placed on a ventilator.  Tragically, the resulting lack of oxygen to Jahi's brain resulted in irreversible brain death, and she was declared legally deceased by two CHO physicians within days of her surgery.  Over Plaintiff's strenuous objection, CHO sought to remove Jahi from the ventilator, claiming that she was "dead" and that no further medical treatment was

warranted.  Upset with the treatment Jahi was receiving, Plaintiff sought to transfer Jahi from CHO and requested that the hospital maintain her on a ventilator until such time as an alternative facility could be secured.  In addition, Plaintiff requested that CHO perform a tracheostomy on Jahi and fit her with a gastric tube to facilitate the transfer.  CHO refused these requests, which prompted Plaintiff to file suit.

On December 20, 2013, Plaintiff filed a Complaint in the Alameda County Superior Court against CHO and Dr. Duran along with an ex parte application for temporary restraining order ("TRO") to enjoin CHO from removing Jahi from the ventilator and to compel CHO to install a gastric tube and tracheostomy tube.  Alameda Cnty. Case No. RP-13-707598.  The superior court granted the injunction to maintain Jahi on a ventilator, but denied Plaintiff's other requests.  The court subsequently conducted an evidentiary hearing, which included testimony from an independent, court-appointed physician from the Stanford University School of Medicine, and ultimately concluded that Jahi was legally deceased.  Separately, the court extended the TRO until December 30, 2013.

On December 30, 2013, during the pendency of the state court action, Plaintiff filed the instant action in this Court against CHO and Dr. Durand.  The Complaint alleges five claims for relief:  (1) violation of the free exercise clause of the First Amendment; (2) violation of the right to privacy under the Fourth Amendment; (3) violation of the right to privacy under the Fourteenth Amendment; (4) violation of section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; and (5) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.  The Complaint seeks declaratory and injunctive relief to preclude the "removal of ventilator support and mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments … to promote [Jahi's] maximum level of improvement and provision of sufficient time for Plaintiff to locate an alternative facility to care for her child in accordance with her religious beliefs."  Compl. at 15.

On January 2, 2014, Plaintiff filed a motion for preliminary injunction seeking to maintain Jahi on a ventilator and to compel CHO to insert Jahi with a gastric tube and a

tracheostomy tube.  On the same date, the Court referred the parties to a Magistrate Judge of this Court for an emergency mandatory settlement conference to take place on January 3, 2014, at 11:00 a.m.  Dkt. 10, 11.

Early in the day on January 3, 2014, the parties appeared in state court in connection with Plaintiff's parallel state court action, and reached an agreement to transfer custody of Jahi to Plaintiff.  Thereafter, the parties attended the settlement conference with the Magistrate Judge, and, after extensive negotiations, reached an agreement to effectuate the transfer of Jahi from CHO.  Pursuant to the parties' agreements, CHO released Jahi to Plaintiff, who accepted custody and responsibility for Jahi on the evening of January 5, 2014.  Dkt. 16.

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction . . .  and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Id. (internal citations omitted).  A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

### A.    MOOTNESS

Under Article III of the United States Constitution, judicial power is limited to "Cases" and Controversies."  Summers v. Earth Island Inst., 555 U.S. 488, 492-93 (2009).  "The doctrine of standing is one of several doctrines that reflect this fundamental limitation."  Id.  For constitutional standing to exist, there must be the "irreducible constitutional minimum" of an injury-in-fact.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical."  Id. (internal citations and quotation marks omitted).  While standing is determined based on the facts as they existed at the time the complaint was filed, an actual

controversy must exist at all stages of review, and a claim becomes moot and non-justiciable if the requisite personal interest captured by the standing doctrine "ceases to exist at any point during the litigation." Jacobs v. Clark Cnty. Sch. Dist., 526 F.3d 419, 425 (9th Cir. 2008).

In the instant case, it is questionable whether a live controversy remains in this case. The only relief sought in the Complaint is to compel CHO to maintain Jahi on a ventilator and to perform certain medical procedures to facilitate her transfer from CHO. On January 5, 2013, CHO transferred custody, care and control of Jahi to Plaintiff. Now that Jahi no longer is at CHO, the relief sought by Plaintiff appears to be moot. See, e.g., Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (holding that the transfer of an inmate to a different prison facility mooted his individual equitable claims absent a showing that there is a reasonable expectation that the inmate would return to the facility).

**B.    ROOKER-FELDMAN**

Separate and apart from the issue of mootness, the Court may lack jurisdiction under the Rooker-Feldman doctrine. "Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments[.]" Bianchi v. Ryaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). "It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)). The fact that plaintiff is bringing constitutional claims does not preclude application of the doctrine where the claims are "inextricably intertwined" with the state court's ruling. See Bianchi, 334 F.3d at 900 n.4 ("It is immaterial that Bianchi frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party

does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles.").[1]

Here, the state court ruled that CHO had shown by clear and convincing evidence that Jahi "had suffered brain death and was *deceased* as defined under Health and Safety Code 7180 and 7181," and on that basis, denied Plaintiff's request for a TRO.  Straus Decl. Ex. 26 at 14 (emphasis added).  Although this action does not directly challenge that finding, it appears to do so indirectly.  Plaintiff alleges that section 7180 is unconstitutional because it deprives her of the right to render medical decisions affecting her child.  To the extent that this Court agrees with Plaintiff, such a finding would seriously undermine the state court's ruling, which expressly relied on section 7180 to find that Jahi is deceased and correspondingly deny Plaintiff's request for immediate injunctive relief.  At a minimum, the claims herein appear to be "inextricably intertwined" with the state court action, thereby triggering application of the Rooker-Feldman doctrine.[2]  Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) (where Rooker-Feldman applies, a federal court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.").

C. **STANDING**

Finally, it appears that Plaintiff lacks standing to bring claims under section 504 of the RA or the ADA, which proscribe discrimination on account of the plaintiff's disability.  In her Complaint, Plaintiff does not allege that *she* is disabled.  Rather, the pleadings allege that *Jahi* is disabled due to her brain injury, and that Defendants are violating the respective Acts through their attempt to remove Jahi from the ventilator.  Compl. ¶¶ 60, 65, 76.  Thus, the only person alleged to have a disability is Jahi, who is not a party.  Though Plaintiff

---

[1] The Ninth Circuit has applied the Rooker-Feldman doctrine to interlocutory state court decisions.  Doe & Associates Law Office v. Napolitano, 252 F.3d 1026, 1030 (9th Cir.2001) (applying doctrine to state court denial of motion to quash).

[2] The fact that the relief sought by Plaintiff from this Court is identical to relief sought in state court also supports application of the Rooker-Feldman bar.  Bianchi, 334 F.3d at 900 (noting that in determining the applicability of Rooker-Feldman, the court must pay close attention to the relief sought by the federal-court plaintiff.").

identifies herself in the pleadings as Jahi's mother and guardian, she has neither requested to be nor been appointed by the Court as Jahi's guardian ad litem and therefore cannot assert any claims vicariously on Jahi's behalf.   See Fed. R. Civ. P. 17(c)(2) (requiring a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."); <u>Prince v. Fremont Police Dept.</u>, No. C 13-1366 SBA, 2013 WL 3157925 (N.D. Cal. June 20, 2013) (dismissing § 1983 claims filed by parents based on violations of their children's constitutional rights because parents were not appointed as guardians at litem).  Thus, Plaintiff appears to lack standing to bring claims under the RA and ADA.

## III.   <u>CONCLUSION</u>

The record suggests that the Court may not or no longer have subject matter jurisdiction to consider the merits of Plaintiff's claims.  Before dismissing the action, however, the Court will afford Plaintiff an opportunity to demonstrate why the instant action should not be dismissed for lack of jurisdiction.  Accordingly,

IT IS HEREBY ORDERED THAT the parties shall meet and confer regarding the issues discussed above.  To the extent that the parties agree that subject matter jurisdiction is lacking, or if Plaintiff no longer desires to pursue her claims in this action, the parties shall submit a stipulation for dismissal, pursuant to Federal Rule of Civil Procedure 41.  If no agreement is reached, Plaintiff shall show cause, in writing, why the instant action should not be dismissed for lack of subject matter jurisdiction, as set forth above.  The stipulation for dismissal or Plaintiff's written response to this Order shall be filed by no later than <u>February 7, 2014</u>.  Defendant shall file its response to Plaintiff's memorandum, if any, by <u>February 14, 2014</u>.  The parties' respective memoranda shall not exceed ten (10) pages in length.  The Court will deem the matter under submission upon the filing of Defendant's memorandum.

IT IS SO ORDERED.

Dated: January 22, 2014

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge